O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS A. WILSON, | Case No. SACV 15-206-KK |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Dennis A. Wilson ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

///
///
///

# I.
## PROCEDURAL HISTORY

On September 27, 2011, Plaintiff filed separate applications for DIB and SSI. Administrative Record ("AR") at 192-99. Plaintiff's applications were denied initially on March 20, 2012, and upon reconsideration on September 28, 2012. AR at 68-93; 94-121. On October 16, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR at 139-40. On May 21, 2013, Plaintiff appeared and testified at a hearing held before ALJ Helen E. Hesse. AR at 45-65. On May 31, 2013, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. AR at 29-44.

On July 26, 2013, Plaintiff filed a request for the Agency's Appeals Council to review the ALJ's decision. AR at 26-28. On November 7, 2014, the Appeals Council denied Plaintiff's request for review. AR at 5-10.

On February 6, 2015, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1. This matter is before the Court on the parties' Joint Stipulation ("JS"), filed November 6, 2015, which the Court has taken under submission without oral argument. Dkt. 18.

# II.
## FACTUAL BACKGROUND

Plaintiff was born on June 22, 1965, and his alleged disability onset date is September 1, 2011. AR at 192. He was 46 years old at the time of the onset date, and 47 years old at the time of the hearing before the ALJ. Plaintiff graduated from high school and completed approximately one year of college. AR at 48-49. Plaintiff alleges disability based on "osteoarthritus, back pain, hip pain, gout, cane used, [and] inflamation." AR at 234.

# III.
## STANDARD FOR EVALUATING DISABILITY

To qualify for DIB or SSI, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least

twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]

(4) Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir.2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)).

3

national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

**A.     Step One**

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since September 1, 2011, the alleged onset date" of disability. AR at 34 (citations omitted).

**B.     Step Two**

At step two, the ALJ found Plaintiff had the following severe impairments: gout and osteoarthritis. AR at 35 (citations omitted).

**C.     Step Three**

At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." AR at 36 (citations omitted).

**D.     RFC Determination**

The ALJ found Plaintiff has the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) and he has limitations as follows: he can sit six hours out of an eight-hour day; he can stand or walk six hours out of an eight-hour day with normal workday breaks; she [sic] can occasionally lift 20 pounds and frequently lift 10 pounds; he can occasionally climb stairs, bend, balance, stoop, kneel, crouch or crawl; and he is precluded from ladders, ropes, or scaffolding, or unprotected heights." AR at 37.

**E.     Step Four**

At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a greeter and telemarketer. This work does not require the performance of work-related activities precluded by [Plaintiff]'s residual functional capacity." AR at 39

(citations omitted).  The ALJ found Plaintiff "has not been under a disability, as defined in the Social Security Act, from September 1, 2011, through the date of this decision" and declined to proceed to step five.  Id.  As a result, the ALJ found Plaintiff was "not disabled" at Step Four.  AR at 40.

## V.
## PLAINTIFF'S CLAIMS

Plaintiff presents two disputed issues:

1. Whether the ALJ properly considered Plaintiff's testimony.
2. Whether the Appeals Counsel properly considered the new evidence submitted.

JS at 4.

The Court finds the first issue dispositive of this matter, and thus does not address the remaining issue.  See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[T]his Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## VI.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion.  Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  It is more than a scintilla but less than a preponderance.  Id.  To determine

whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a specific quantum of supporting evidence") (citations and internal quotation marks omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which [s]he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (citation and internal quotation marks omitted).

## VII.
## DISCUSSION

For the reasons set forth below, the Court finds the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding the severity of his limitations.

**A.     Background**

    **1.     The ALJ's RFC Determination**

The ALJ's RFC determination states Plaintiff "can sit six hours out of an eight-hour day; he can stand or walk six hours out of an eight-hour day with normal workday breaks; she [sic] can occasionally lift 20 pounds and frequently lift 10 pounds; he can occasionally climb stairs, bend, balance, stoop, kneel, crouch or crawl; and he is

precluded from ladders, ropes, or scaffolding, or unprotected heights." AR at 37.

In determining Plaintiff's RFC, the ALJ described Plaintiff's testimony regarding his pain and limitations as follows:

> The [Plaintiff] alleges he is disabled as of September 1, 2011 due to osteoarthritis, back pain, hip pain and gout. Around 2012, his big toe is very swollen and he cannot put his shoe on most days. It also causes a lot of pain. His right elbow has also been causing him difficulty, and he cannot use it some days. His gout makes it tough to walk. He needs to sit down and elevate it. He uses a cane to ambulate.
>
> At the hearing, he testified he is unable to work because of pain in his knees and toes. He takes medications. The pain goes away a little, but he is always in pain. Standing up half the day or sitting half the day is not good for him. His knees start to buckle while standing.

Id. (citations omitted).

Next, the ALJ found "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Id. The ALJ noted, "[i]n terms of the claimant's alleged gout and osteoarthritis, the medical evidence record shows very little treatment." Id.

The ALJ went on to recite the medical evidence in support of her RFC determination. AR at 37-38. The ALJ concluded "the above residual functional capacity assessment is supported by medical records and consultative examiner's opinions." AR at 38.

**2. The Parties' Respective Positions**

Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding the severity of his pain. JS at 19.

7

Defendant argues the ALJ properly found Plaintiff not fully credible for the following reasons: (1) the ALJ relied on "inconsistencies between Plaintiff's testimony and the medical evidence"; (2) the ALJ "correctly noted that Plaintiff failed to show up for his physical therapy appointments"; and (3) the ALJ noted "in his [sic] discussion of Plaintiff's functional limitations [] the evidence showed no limitations in activities of daily living." JS at 11-17.

**B. Legal Standard**

If "the record establishes the existence of a medically determinable impairment that could reasonably give rise to the reported symptoms, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect." Robbins, 466 F.3d at 883 (citations omitted). The ALJ's credibility determination must be supported by "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation and internal quotation marks omitted).

The ALJ is required to engage in a two-step analysis. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Molina, 674 F.3d at 1112 (citations and internal quotation marks omitted). "If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." Id. (citations and internal quotation marks omitted). "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Brown-Hunter v. Colvin, No. 13-15213, 2015 WL 6684997, at *1 (9th Cir. Nov. 3, 2015) (holding "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination").

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimants that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's activities." Tommasetti, 533 F.3d at 1039 (citations and internal quotation marks omitted).

"If the ALJ's credibility finding is supported by substantial evidence, the court may not engage in second-guessing." Id. (citations and internal quotation marks omitted); but see Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (holding "[i]t was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss"). However, an ALJ's failure to give specific, clear and convincing reasons to reject the claimant's testimony about the severity of the symptoms is not harmless, because it precludes the Court from conducting a meaningful review of the ALJ's reasoning. Brown-Hunter, 2015 WL 6684997, at *4.

**C. Analysis**

The Court finds the ALJ did not provide "specific, clear and convincing reasons" for finding Plaintiff incredible. As set forth below, the ALJ erred by merely reciting the medical evidence in support of her RFC determination without identifying which medical evidence specifically discredits which symptom testimony. See Brown-Hunter, 2015 WL 6684997, at *6.

First, the ALJ appears to have discredited Plaintiff's claimed severity of impairment because "[t]he medical evidence record as a whole demonstrates little treatment." AR at 37. As an initial matter, it is unclear what the ALJ meant by "little treatment," because the medical record, even as recited by the ALJ, demonstrates a consistent course of treatment. AR at 37-38, 289-412. Further, the ALJ's conclusory statement does not identify inconsistencies between Plaintiff's testimony and the medical record, as Defendant argues. Rather, the ALJ merely recites the medical evidence in

support of her RFC determination without identifying which medical evidence specifically discredits which symptom testimony. AR at 37-38. Defendant attempts to point out evidence that *may* have supported the ALJ's decision. However, the Court cannot affirm the ALJ's credibility decision based on evidence the ALJ did not discuss. Connett, 340 F.3d at 874 ("We are constrained to review the reasons the ALJ asserts."). Accordingly, the ALJ's failure to specifically link the medical evidence to the allegedly non-credible testimony is error. Brown-Hunter, 2015 WL 6684997, at *6.

Second, Defendant argues the ALJ reasonably found Plaintiff not credible because Plaintiff failed to show up at rehabilitation appointments. JS at 13. However, the ALJ does not say she discredited Plaintiff's testimony because he failed to show up at these appointments. See AR at 38. The ALJ merely mentions Plaintiff's failure to attend the appointments as part of the medical history. See id. Moreover, at the hearing the ALJ asked Plaintiff why he did not show up at those appointments and Plaintiff explained he was never informed by his doctor that they had been scheduled. AR at 61-62. The ALJ does not provide any reason for disbelieving Plaintiff's explanation. Therefore, the failure to go the appointments is not an "unexplained or inadequately explained failure to seek treatment" that could support the ALJ's credibility determination. See Tommasetti, 533 F.3d at 1039.

Lastly, Defendant's attempt to justify the ALJ's decision by reference to the ALJ's earlier discussion at step two of Plaintiff's daily activities, cannot be used to determine whether the ALJ's *credibility* determination actually rested on permissible grounds. Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) (holding ALJ's credibility determination was not supported by sufficiently specific reasons where "the ALJ stated only - in passing and in a different section than the credibility determination - that Claimant's self-reports were inconsistent in some unspecified way with her testimony at the hearing"); see also Talbot v. Colvin, No. SACV 14-1935 JC, 2015 WL 5826808, at *5 (C.D. Cal. Sept. 30, 2015); Connett, 340 F.3d at 874 ("[W]e are constrained to review the reasons the ALJ asserts.")); Brown-Hunter, 2015 WL 6684997, at *4 (same);

Golembiewski v. Barnhart, 322 F.3d 912, 916 (7th Cir. 2003) ("[T]he Commissioner's effort to pinpoint parts of the ALJ's decision that support the credibility finding is unhelpful."). Once again, the Court is constrained by the reasons asserted by the ALJ in assessing Plaintiff's credibility. Connett, 340 F.3d at 874. The ALJ did not rely on Plaintiff's daily activities *in assessing his credibility*, hence the Court cannot rely on this reasoning in determining whether the ALJ's credibility determination was proper.

The Court, thus, finds the ALJ did not provide specific, clear and convincing reasons to discredit Plaintiff's testimony regarding the severity of his pain.

## VIII.
## RELIEF

**A.   Legal Standard**

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Hill, 698 F.3d at 1162 (citation and internal quotation marks omitted). "We may exercise our discretion and direct an award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." Id. (citation and internal quotation marks omitted). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Id. (citations omitted); see also Reddick, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

In cases where an ALJ has improperly rejected "claimant testimony or medical opinion," a court must remand to the ALJ "with instructions to calculate and award benefits" if (1) "the record has been fully developed and further administrative proceedings would serve no useful purpose"; (2) "the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical

11

opinion"; and (3) assuming "the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (citations and footnote omitted).

**B.     Analysis**

In this case, the record has not been fully developed. The ALJ must reassess Plaintiff's credibility regarding the severity of his pain and its impact on the RFC determination. The error resulting from the ALJ's deficient credibility analysis cannot be deemed harmless. Brown-Hunter, 2015 WL 6684997, at *4. It is, therefore, not "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885. Accordingly, remand for further proceedings is appropriate.

## IX.
## CONCLUSION

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 13, 2015

HON. KENLY KIYA KATO
United States Magistrate Judge